475 S.E.2d 91 (1996)
197 W.Va. 91
UNIVERSITY OF WEST VIRGINIA BOARD OF TRUSTEES on Behalf of WEST VIRGINIA UNIVERSITY, Petitioner Below, Appellant,
v.
Gary D. FOX, Respondent Below, Appellee.
No. 23091.
Supreme Court of Appeals of West Virginia.
Submitted April 24, 1996.
Decided July 11, 1996.
*93 Brentz H. Thompson, Senior Assistant Attorney General, Charleston, for Appellant.
Peter D. Dinardi, Dinardi, Heironimus, Bentley & Orteza, Morgantown, for Appellee.
*92 ALBRIGHT, Justice:
Appellant, West Virginia University Board of Trustees, appeals an order of the Circuit Court of Kanawha County affirming the reinstatement of a West Virginia University employee who was fired after he was seen in the women's shower room at the West Virginia University natatorium. Appellant contends that the circuit court erred by failing to find that the employee's conviction of criminal trespass, following a no contest plea, could be considered an admission to satisfy the Board's burden of proving that the employee's entry into the locker room was intentional. On the contrary, we find that the conviction was inadmissible evidence. Accordingly, we affirm.
On December 30, 1992, while appellee, Mr. Fox, was employed by West Virginia University (WVU) as an Inventory Clerk B, he was seen in the women's locker room of the WVU natatorium by two female witnesses. Mr. Fox admitted that he was in the shower room but claimed that the lighting was poor and the door either was not marked or was covered by papers, and thus he wandered into the room by mistake while looking for a men's room.
Mr. Fox was subsequently charged with criminal trespass, in violation of W.Va.Code § 61-3B-3, and was arraigned in the Magistrate Court of Monongalia County. He pled no contest and was fined $100 plus court costs.[1] Thereafter, Mr. Fox was banned from entering all WVU buildings, with the exception of the building where he was primarily assigned to work, by the WVU Department of Public Safety (DPS). Mr. Fox's employment with WVU was then terminated for a clear, flagrant violation of University policy and because the DPS ban significantly limited his ability to efficiently and effectively execute his full range of duties and responsibilities.
Mr. Fox filed a grievance challenging his dismissal, which was denied at levels one and two of the grievance procedure. After the West Virginia Board of Trustees declined to review the issue at level three, Mr. Fox appealed to level four. Hearings were conducted at levels two and four of the grievance procedure. At both hearings, appellant presented evidence of the police reports filed by the two female witnesses and evidence that Mr. Fox pled no contest to the criminal trespass charges in magistrate court in order to show that Mr. Fox had committed a violation that warranted his dismissal. No other evidence regarding the alleged offense was presented.
At level four, the West Virginia Education and State Employees Grievance Board (Grievance Board), through its Senior Administrative Law Judge (ALJ), reversed the termination and ordered WVU to remit back pay and to remove the dismissal from Mr. Fox's personnel file. In making her decision, the ALJ found that Mr. Fox's statement matched that of the two female witnesses who were in the shower room.[2] The ALJ further commented that her decision was based upon the facts that Mr. Fox did not deny that he entered the room, that there was no evidence connecting him to past entries, that the two female witnesses did not testify at any hearing, that WVU relied on Mr. Fox's plea of no contest as its basis for dismissal, and that the Department of Public Safety acted unreasonably in banning Mr. Fox from all buildings.
*94 The University of West Virginia Board of Trustees, on behalf of WVU, appealed the Grievance Board's decision to the Circuit Court of Kanawha County. By final order dated November 4, 1994, the circuit court upheld the Grievance Board's decision. It is from this final order that appellant now appeals.

STANDARD OF REVIEW
Appellant argues that the circuit court erred by affirming: (1) the ALJ's factual conclusion that appellee did not knowingly and without authorization enter the women's locker room, in spite of the fact that appellee had been convicted, based upon his plea of no contest, of trespassing; (2) the ALJ's legal conclusion that Mr. Fox's plea could not be considered an admission to satisfy WVU's burden of proving that appellee trespassed in the women's locker room; and (3) the ALJ's holding that WVU failed to prove that appellee acted in flagrant or willful violation of rules, regulations, standards of accepted behavior or performance, or in a clear violation of WVU policy. We believe these issues are properly resolved by answering one question: whether a conviction, based upon a plea of no contest, is admissible in an administrative proceeding. Because this raises both a question of law, and an interpretation of the West Virginia Rules of Evidence, we will apply a de novo standard of review. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a de novo standard of review." Syl. pt. 1, Chrystal R.M. v. Charlie A.L., 194 W.Va. 138, 459 S.E.2d 415 (1995). "An interpretation of the West Virginia Rules of Evidence presents a question of law subject to de novo review." Syl. pt. 1, Gentry v. Mangum 195 W.Va. 512, 466 S.E.2d 171 (1995).

DISCUSSION
In answering the question of whether a conviction, based upon a plea of no contest, is admissible in an administrative proceeding, we first note that the West Virginia Rules of Evidence are typically given their full effect in administrative proceedings. Under the State Administrative Procedures Act, West Virginia Code § 29A-5-2(a), "[t]he rules of evidence as applied in civil cases in the circuit courts of this state shall be followed...."[3] Rule 410 of the West Virginia Rules of Evidence states: "[e]xcept as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions: ... (2) a plea of nolo contendere...."
Applying the rules just stated, evidence of a plea of no contest would not typically be admissible in a subsequent administrative proceeding against a party who entered that plea in a prior criminal proceeding. However, under the grievance procedure provided in W.Va.Code § 18-29-1, et seq., the Legislature has directed that "[f]ormal rules of evidence shall not be applied...." W.Va.Code § 18-29-6. While at first blush this rule may appear to permit evidence of a no contest plea to be entered in a grievance proceeding, we find that it does not. In making this determination we look to the nature and purpose of the no contest plea.
This Court has recognized that a plea of no contest "`is a formal declaration by the accused that he will not contest the charge against him.... [It] has no effect beyond the particular case. It is an implied confession of guilt only, and cannot be used against the accused as an admission in any civil suit for the same act.'" State ex rel. Clark v. Adams, 144 W.Va. 771, 778-779, 111 S.E.2d 336, 340-341 (1959) (quoting 22 C.J.S. Criminal Law, § 425), cert. denied, 363 U.S. 807, 80 S.Ct. 1242, 4 L.Ed.2d 1149 (1960).
Many reasons have been given to explain why an individual may want to enter a plea of no contest rather than a plea of guilty or not guilty:

*95 A plea of nolo contendere is used by the accused in criminal cases to avoid exacting an admission which could be used as an admission in other potential litigation, to avoid trial with its attendant expense and adverse publicity in the event of a conviction, or to protect in certain cases the respectable citizen who may sometimes become technically guilty of a violation of law, but who should not be subjected to certain penalties intended to apply only to those who wilfully or maliciously violate the law.
21 Am.Jur.2d, Criminal Law, § 492 (footnotes omitted). Other courts have also recognized that:
[W]hen [a] conviction is based on a nolo contendere plea, its reliability as an indicator of actual guilt is substantially reduced, both because of the defendant's reservations about admitting guilt for all purposes and because the willingness of the district attorney to agree to and the court to approve the plea tends to indicate weakness in the available proof of guilt.
County of Los Angeles v. Civil Service Commission, 39 Cal.App.4th 620, 46 Cal.Rptr.2d 256, 262 (1995) (quoting Cartwright v. Board of Chiropractic Examiners, 16 Cal.3d 762, 129 Cal.Rptr. 462, 548 P.2d 1134 (1976)). These reasons clearly provide a basis for concluding that the plea is not a reliable indication of guilt in subsequent litigation, including administrative proceedings. Therefore, although "[f]ormal rules of evidence" do not apply to grievance procedures under W.Va.Code § 18-29-6, we hold that nolo contendere pleas are unreliable as evidence of particular acts in a subsequent grievance or other administrative proceeding.
We recognize that other jurisdictions have held that a no contest plea is admissible in administrative proceedings, although some jurisdictions have supported our view. We are satisfied that, by reason of the express direction in our Administrative Procedures Act, applying the rules of evidence in civil cases to most contested State administrative proceedings, the express directions of our rules of evidence, and the sound policy reasons underlying the proscription of the use of a plea of nolo contendere as an admission of guilt in a subsequent proceeding, our holdings today announce the better rule.[4]
*96 Appellant attempts to make a distinction between the plea of no contest and the resulting conviction. We recognize that where the issue is whether or not a person has been previously "convicted", a judgment of conviction based upon a nolo contendere plea may indeed be admitted into evidence to litigate that issue. Such might be applicable where a statute attaches an enhanced criminal penalty for successive offenses or provides an administrative penalty in the event of a "conviction." However, where the issue in a subsequent proceeding is whether or not the persons committed the particular acts which constitute all of the elements of the offense to which a no contest plea has been entered, we are not persuaded by appellant's argument. Allowing the resulting conviction to be utilized in that way would effectively abolish the rule that a no contest plea may not be used as an admission of guilt and would effectively destroy the utility of the plea. We therefore hold that when a court or administrative body is asked to recognize a conviction as an admission of guilt of particular acts, the court must look behind the conviction to determine whether it was based upon a trial on the merits or upon a plea of no contest. Where the conviction was based upon a plea of no contest, it may not be considered an admission of guilt of particular acts.
We believe that the principle just stated also disposes of the appellant's contention that the doctrine of defensive collateral estoppel should be applied in this case to prevent Mr. Fox from denying that his entry into the women's locker room was willful and knowing. The plea of no contest should operate as an admission of guilt only in the criminal case in which it was entered and should not be used in collateral proceedings to prove, for the purposes of the collateral proceeding, guilt of particular acts which prove or constitute the elements of the criminal offense. We also believe that our conclusion is consistent with our holding in State v. Miller, 194 W.Va. 3, 459 S.E.2d 114 (1995), which identifies the requirements for applying collateral estoppel. Our conclusion is also consistent with federal cases indicating that a plea of no contest does not raise an estoppel.[5]
For the foregoing reasons, we find that the circuit court correctly affirmed the decision of the Administrative Law Judge. Consequently, we affirm the November 4, 1994 order of the Circuit Court of Kanawha County.
Affirmed.
CLECKLEY, J., deeming himself disqualified, did not participate in the consideration or decision of this case.
NOTES
[1] Mr. Fox maintains that he is innocent and claims that he pled no contest because he had no legal counsel at the time he entered his plea. Although he never appealed the conviction or attempted to withdraw his plea, he claims that he was unaware of these options until after the running of the applicable period of limitations.
[2] Mr. Fox stated that he entered the room, saw the two females, immediately recognized that he was in the wrong room, excused himself, made a hasty departure, and entered the men's locker room. Statements filed by the two female witnesses also indicated that when they saw Mr. Fox he commented that he was in the wrong restroom, and he abruptly left. Although both witnesses filed statements with the DPS, neither testified at the hearings held at level two and level four of the grievance procedure.
[3] The statute goes on to say that "[w]hen necessary to ascertain facts not reasonably susceptible of proof under those rules, evidence not admissible thereunder may be admitted, except where precluded by statute, if it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs...." Because the issue before us does not involve such facts, it is not necessary that we consider this portion of the statute.
[4] For cases of other jurisdictions holding that a no contest plea is admissible in administrative proceedings: See Myers v. Secretary of Health and Human Services, 893 F.2d 840 (6th Cir. 1990) (Finding Federal Rules of Criminal Procedure and Federal Rules of Evidence do not preclude the use of a nolo contendere conviction in an administrative proceeding); Munnelly v. United States Postal Service, 805 F.2d 295 (8th Cir. 1986) (Affirmed use of no contest plea as basis for discharging postmaster, and recognized that "a conviction pursuant to a nolo contendere plea gives rise to a variety of collateral consequences in subsequent proceedings.").

Many of the decisions permitting a no contest plea to be used in administrative proceedings were based upon specific statutory provisions of a type not at issue in the instant case. See Pearce v. United States Dept. of Justice, Drug Enforcement Admin., 867 F.2d 253 (6th Cir.1988) (Interpreted the word "conviction" as used in 21 U.S.C. § 824 to include a conviction based upon a plea of no contest, and permitting revocation of DEA registration based upon a finding that the registrant had been "convicted," of a felony after a plea of no contest.); Crofoot v. United States Government Printing Office, 761 F.2d 661, 665 (Fed.Cir.1985) (Found that a plea of guilty under the Alford doctrine could be considered as the basis for dismissing a Government Printing Office employee, so long as the requisite nexus was established.); Qureshi v. Immigration and Naturalization Service, 519 F.2d 1174, 1175-1176 (5th Cir.1975) (Interpreted the word "conviction" as used in 8 U.S.C. § 1251(a)(5) to include a conviction based upon a plea of no contest, and permitting deportation based upon a finding that the alien had been "convicted," on a plea of no contest.); Eisenberg v. Com., Dept. of Public Welfare, 512 Pa. 181, 516 A.2d 333 (1986) (Interpreted the word "conviction," as used in the applicable regulation, to include a conviction based upon a plea of no contest, and permitted termination of medicaid provider's right to participate in medicaid program based upon a finding that the provider had been "convicted" of mail fraud charges relating to his participation in the medicaid program).
For cases in accord with our view: See County of Los Angeles v. Civil Service Commission, 39 Cal.App.4th 620, 46 Cal.Rptr.2d 256, 262 (1995) (Evidence of deputy sheriff's no contest plea to the misdemeanor charge of receiving stolen property was not admissible at disciplinary hearing absent express legislative authorization. The statute authorizing a plea of nolo contendere provided that the legal effect of the plea in relation to a felony was the same as a plea of guilty for all purposes, but failed to provide for the legal effect of a nolo plea to a misdemeanor.); Holland v. Florida Real Estate Commission, 352 So.2d 914, 915 (Fla.App. 2 Dist., 1977) ("Despite the relaxation of the strict rules of evidence which is permitted by Section 120.58(1)(a), Florida Statutes (1975), we do not believe that evidence of a nolo contendere plea would be admissible as evidence of guilt in an administrative proceeding any more than it would be in court."); Lawrence v. Kozlowski, 171 Conn. 705, 372 A.2d 110 (Conn.1976) (Despite broad latitude with respect to admission of evidence in administrative proceedings, nolo contendere plea should have been excluded because it was of marginal probative value and because such pleas are often entered with the expectation that they will not be used against an accused in subsequent proceedings.) cert denied, 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977).
[5] For federal cases indicating that a plea of no contest does not create an estoppel: See United States v. Norris, 281 U.S. 619, 622, 50 S.Ct. 424, 425, 74 L.Ed. 1076, 1077 (1930) (Court stated "a plea ... of nolo contendere, which, although it does not create an estoppel, has all the effect of a plea of guilty for the purposes of the case [in which it was entered]...." (emphasis added)); Hudson v. United States, 272 U.S. 451, 455, 47 S.Ct. 127, 129, 71 L.Ed. 347, 349 (1926) ([Plea of nolo contendere] does not create an estoppel; but, like the plea of guilty, it is an admission of guilt for the purposes of the case.); United States v. Jones, 119 F.Supp. 288, 291 (S.D.Cal.1954) ("The only basic characteristic of the plea of nolo contendere which differentiates it from a guilty plea is that the defendant is not estopped from denying the facts to which he pleaded nolo contendere in a subsequent judicial civil proceeding") (quoting 51 Yale L.J. 1255).