508 S.E.2d 606

**STATE of West Virginia, Appellee,**

v.

**Robert Vaughn EVANS, Appellant.**

**STATE of West Virginia, Appellee,**

v.

**James B. LEWIS, Appellant.**

**Nos. 25000, 25209.**

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 15, 1998.

Decided Sept. 30, 1998.

Darrell V. McGraw, Jr., Attorney General, Victors S. Woods, Allen H. Loughry, Assistant Attorneys General, Charleston, West Virginia, Attorneys for Appellee.

Thomas G. Dyer, Clarksburg, West Virginia, Attorney for Appellant (Case No. 25000).

Dorwin J. Wolfe, Esq., Elkins, West Virginia, Attorney for Appellant (Case No. 25209).

WORKMAN, Justice:

These cases have been consolidated to resolve the issue of whether the West Virginia Rules of Evidence or Criminal Procedure preclude the use of a conviction based upon a plea of nolo contendere for purposes of probation revocation and/or sentence enhancement under this state's recidivism laws. Upon examining the respective rules, applicable law, and commentary on these issues, we conclude that convictions predicated on pleas of nolo contendere can be used both to revoke probation and to enhance sentencing.

### State v. Lewis

■ Appellant James B. Lewis ("Lewis") pled guilty to daytime burglary and second offense DUI in December 1994 and was subsequently placed on five years probation. On August 17, 1997, while still on probation, he was arrested and charged with domestic battery. Lewis pled no contest to the charge and was sentenced to ten days in jail. The State moved to revoke Lewis' probation and following a hearing, the circuit court revoked Lewis' probation. This Court granted Lewis' petition for appeal "solely on the issue regarding Rule 410 of the West Virginia Rules of Evidence."

Rule 410 states, in relevant part: "Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions: ... (2) a plea of nolo contendere[.]" Lewis argues that the trial court's sole basis for revoking his probationary status was the nolo plea.[1] Given the proscriptive language of Rule 410 regarding the evidentiary use of nolo pleas, Lewis contends that the trial court erred in relying on his domestic battery conviction to revoke his probation since that conviction was obtained through a nolo plea.

As the State points out, Lewis' argument fails completely based on the language of Rule 1101(b)(3) of the West Virginia Rules of Evidence. That rule, which deals with the applicability of the rules of evidence in general states that, "[u]nless otherwise provided by rules of the Supreme Court of Appeals, these rules other than those with respect to privileges do not apply in the following situations: ... (3) Miscellaneous proceedings.— Sentencing; granting *or revoking probation....*" W.Va.R.Evid. 1101(b)(3) (emphasis supplied). Rule 1101(b)(3) unmistakably exempts probation revocation proceedings from compliance with the West Virginia Rules of Evidence. The inapplicability of evidentiary rules at probation revocation proceedings is well-established. *See United States v. McCallum,* 677 F.2d 1024, 1026 (4th Cir.), *cert. denied,* 459 U.S. 1010, 103 S.Ct. 365, 74 L.Ed.2d 400 (1982) (holding that federal rules of evidence concerning hearsay do not apply to probation revocation hearings); *United States v. Smith,* 571 F.2d 370, 373 (7th Cir.1978) (observing that rule 1101(d) indicates that federal rules of evidence do not apply to hearings involving probation revocation); *accord United States v. Verbeke,* 853 F.2d 537, 539 (7th Cir.1988); *Howell v. State,*

---

1. In response to Lewis' contention that the trial court relied solely on his nolo plea to revoke probation, the State argues that the circuit court considered the additional probation violations of failing to find gainful employment and failing to notify his probation officer of a change of residence. While the order revoking Lewis' probation does not specify the basis for the revocation, the transcript from the probation revocation hearing indicates that the trial judge did inquire into Lewis' employment status and history while on probation. We need not make further inquiry into whether the trial court's decision to revoke Lewis' probation was prompted by multiple bases, however, as the answer to such query is not determinative of the ultimate issue concerning whether the rules of evidence permit convictions predicated on nolo pleas to be used for probation revocation purposes.

No. CA CR 91–237, 1992 WL 146638 at *3 (Ark.Ct.App.1992) (finding no error in trial court's ruling that Arkansas Rules of Evidence do not apply to probation revocation hearings); *State v. Ozmun*, 221 Neb. 481, 378 N.W.2d 170, 172 (Neb.1985) (stating that Nebraska's corollary to West Virginia Rule of Evidence 1101(b)(3) provides that Nebraska Evidence Rules "do not apply to proceedings for the granting or revoking of probation").

■ We agree with the State's position that pursuant to the clear language of Rule 1101(b)(3), the provisions of this state's rules of evidence are not applicable during criminal proceedings that involve probation revocation. Thus, Rule 410, as well as the other evidentiary rules, do not apply to a probation revocation proceeding. Accordingly, we affirm the decision of the Circuit Court of Tucker County.[2]

### State v. Evans

■ Appellant Robert Vaughn Evans ("Evans") was found guilty of burglary and petit larceny on August 5, 1996. Based on his five prior felony convictions,[3] the State filed a recidivist information against Evans under West Virginia Code §§ 61–11–18[4] and –19[5] (1997). Following a trial on the recidivist charges wherein the jury concluded that Evans was the same individual who had been convicted for each of the five prior felonies, the trial court held a hearing on October 21, 1996, to sentence Evans on the recidivist charges. At this hearing, the trial court heard evidence regarding the circumstances surrounding Evans' burglary and other prior felony convictions and sentenced Evans to life in prison with the possibility of parole.

On appeal, Evans argues that the trial court committed error during the recidivist sentencing proceeding by considering his conviction for escape and resisting an officer with violence.[6] He contends that his plea of nolo contendere to that charge precludes consideration of that conviction during the recidivist proceeding based on Rule 11(e)(6)(B) of the West Virginia Rules of Criminal Procedure. That rule provides that: "Inadmissibility of pleas, plea discussions, and related statements.—Except as otherwise provided in this paragraph[7] evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions: ... (B) A plea of nolo contendere[.]" W.Va.R.Crim. P. 11(e)(6)(B) (footnote added). Through this appeal, Evans seeks a new sentencing hearing wherein the trial court would be precluded from considering his plea and conviction to the escape and resisting with violence charge.

In support of its position that the trial court did not err in considering Evans' convictions for escape and resisting an officer at his recidivist sentencing hearing, the State argues that because a conviction is the triggering event for enhanced sentencing under West Virginia Code § 61–11–18, the nature

2. We observe that the inapplicability of the rules of evidence to probation revocation proceedings does not mean that there are no constitutional limitations that may apply to evidence used in such proceedings.

3. Evans was previously convicted of (1) kidnapping in 1987; (2) receiving stolen property in 1988; (3) uttering in 1989; (4) grand theft auto in 1990; and (5) felony escape and resisting an officer with violence in Florida in 1990.

4. West Virginia Code § 61–11–18(c), provides that "[w]hen it is determined, as provided in section nineteen hereof [61–11–19], that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life."

5. West Virginia Code § 61–11–19 sets forth the procedures required of prosecutors and the courts when a person has been previously convicted of an offense punishable by confinement in the penitentiary.

6. Although escape and resisting an officer with violence are actually two separate offenses under Florida law, Evans refers to his convictions for those offenses in terms of a singular conviction.

7. The rules do provide for the admission of plea related statements where part of a defendant's statement has been introduced and fairness concerns require introduction of additional statements made during the plea proceeding, as well as, in criminal proceedings for false swearing under certain specified circumstances. *See, e.g.,* W.Va.R.Crim.P. 11(e)(6)(D)(i), (ii).

of the plea which precedes the conviction is immaterial. The language of the recidivist statute makes clear that enhanced sentencing is mandated based on prior *"convict[ion]* of an offense punishable by confinement in the penitentiary." W.Va.Code § 61–11–18(c) (emphasis supplied). Through its selection of the term "conviction," the State contends that the Legislature resolved that the plea or proof of facts underlying the conviction are not relevant for purposes of sentence enhancement. *See* W.Va.Code §§ 61–11–18, –19.

■ Long before this state adopted rules of evidence, convictions, rather than pleas, were recognized by this Court in syllabus point two of *State v. Moss,* 108 W.Va. 692, 152 S.E. 749 (1930), as the critical factor for sentence enhancement:

Where an indictment properly charges a conviction of a first offense as a basis for a superimposed penalty for a second offense therein charged, the record of the first conviction and sentence thereunder, as charged, is sufficient, without respect to defendant's plea in the first conviction, whether guilty, not guilty, or nolo contendere.

The Court clarified further in *Moss* that "[t]he conviction makes the offense, and it is immaterial whether the plea was guilty, not guilty or *nolo contendere* ...[;] [i]t is the *conviction* which controls, not the *plea* interposed." *Id.* at 696, 152 S.E. at 750–51; *accord Lott v. U.S.,* 367 U.S. 421, 426, 81 S.Ct. 1563, 6 L.Ed.2d 940 (1961) (holding that "it was the judgment of conviction and sentence, not the tender and acceptance of the pleas of *nolo contendere,* that constituted the 'determination of guilt' ").

Recently, this Court commented in *University of West Virginia Board of Trustees ex rel. West Virginia University v. Fox,* 197 W.Va. 91, 475 S.E.2d 91 (1996), that "where the issue is whether or not a person has been previously 'convicted,' a judgment of conviction based upon a nolo contendere plea may indeed be admitted into evidence to litigate that issue." The Court further opined in *Fox*

that "[s]uch [use] might be applicable where a statute attached an enhanced criminal penalty for successive offenses...." *Id.* at 96, 475 S.E.2d 91. This view is, consonant with the majority position of federal and state court decisions to permit convictions based on nolo pleas to be used for recidivistic sentencing purposes. *See State v. Marquez,* 105 N.M. 269, 731 P.2d 965, 968 (Ct.App.1986), *cert. denied,* 105 N.M. 211, 730 P.2d 1193 (1987) (holding that "a prior conviction resulting from a nolo contendere plea can be used to enhance a sentence under the habitual criminal statute" and observing that this is "the rule followed by the clear majority of other jurisdictions"); *accord Pryor v. State,* 314 Ark. 212, 861 S.W.2d 544, 547 (Ark.1993); *People v. Windsor,* 876 P.2d 55, 58 (Colo. App.1993); *James v. State,* 209 Ga.App. 389, 433 S.E.2d 700, 701 (Ga.Ct.App.1993); *State v. Shaffer,* 14 Kan.App.2d 282, 788 P.2d 1341, 1343 (Kan.Ct.App.1990); *State v. Ondrak,* 212 Neb. 840, 326 N.W.2d 188, 190 (Neb. 1982); *People v. Goodwin,* 197 Colo. 47, 593 P.2d 326, 328 (Colo.1979).[8] Frequently cited as support for using convictions resulting from nolo pleas for enhanced sentencing is the advisory committee note to the 1975 amendment to Rule 11 of the Federal Rules of Criminal Procedure, wherein the committee observes that "[a] plea of nolo contendere is, for purposes of punishment, the same as a plea of guilty," and, therefore, "[a] judgment upon [such] plea is a conviction and may be used to apply multiple offender statutes." *reprinted in* 62 F.R.D. 277–78 (1974); *see State v. Teague,* 680 S.W.2d 785, 789 (Tenn. 1984), *cert. denied,* 473 U.S. 911, 105 S.Ct. 3538, 87 L.Ed.2d 662 (1985) (citing advisory committee note to federal criminal procedure rule 11).

The commentators are in agreement that convictions based on nolo pleas can be used for sentence enhancement without violating the rules of evidence or criminal procedure. *See* 1 Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure* at I–788 (2nd ed. Supp.1998) (observing that Rule 410 of the West Virginia Rules of Evidence is not

---

**8.** Only North Carolina and Alabama prohibit the use of convictions predicated on nolo pleas for sentence enhancement purposes. *See McNair v.* *State,* 653 So.2d 320, 328 (Ala.Crim.App.1992) (observing that this is the minority rule); *State v. Stone,* 245 N.C. 42, 95 S.E.2d 77, 80 (N.C.1956).

violated by use of convictions predicated on nolo pleas); 2 Wayne R. LaFave and Jerold H. Israel, *Criminal Procedure* § 20.4(a) at 801–02 (1985) (observing that "[j]udgment following entry of a nolo contendere plea is a conviction, and may be admitted as such in other proceedings where the fact of conviction has legal significance (e.g. to apply multiple offender penalty provisions....")); 1 Charles A. Wright, *Federal Practice and Procedure: Criminal Procedure* § 177 at 666–67 (2nd ed. 1982) (stating that "a conviction on a plea on nolo contendere is a conviction for purposes of statutes that provide more severe penalties for second offenders").

▆▆ Upon analysis then, what is prohibited by the rules of evidence and criminal rules of procedure is use of the fact of the plea of nolo contendere in subsequent civil or criminal proceedings to prove that the defendant committed the offense to which he entered the plea. *See Israel, supra,* at 801. The rules, however, do not proscribe the use of a *conviction* premised on such a nolo plea. The distinction between the prohibited use of the plea versus the permissible use of the conviction is critical. As recognized by the Fifth Circuit in *United States v. Williams,* 642 F.2d 136 (5th Cir.1981), "[o]nce convicted, whether as a result of a plea of guilty, *nolo contendere,* or ... [trial], convictions stand on the same footing...." *Id.* at 139. Accordingly, we hold that a conviction derived from a plea of nolo contendere may be used for purposes of this state's recidivist sentencing laws.

Contrary to the position taken by Evans that the imposition of a life sentence is disproportionate to the crimes he committed, we determine upon review that the trial court carefully considered the cumulative nature of his multiple convictions in conjunction with the factors enumerated by this Court in syllabus point five of *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 276 S.E.2d 205 (1981). We expressly reject Evans' contention that burglary does not constitute a crime of violence. *See Martin v. Leverette,* 161 W.Va. 547, 555, 244 S.E.2d 39, 43–44 (1978) (stating that burglary is a "serious [crime] and involve[s] the threat of violence against persons"). Determining that the trial court did not abuse its discretion in imposing a life sentence upon Evans, we affirm the decision of the Circuit Court of Harrison County.

Based on the foregoing, the decisions of the Circuit Courts of Tucker and Harrison County are both hereby affirmed.

Affirmed.