600 S.E.2d 561

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Elizabeth Holly BROWN, a.k.a. Holly Williams, Defendant Below, Appellant.**

No. 31350.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 14, 2004.

Decided Feb. 2, 2004.

2. Dr. Kaplan replaced Dr. Sopher as the State's Chief Medical Examiner in 1997.

Scott A. Ash, Esq., Public Defender's Office, Princeton, West Virginia, Attorney for the Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, Dawn E. Warfield, Esq., Deputy Attorney General, Charleston, West Virginia, Attorneys for the Appellee.

PER CURIAM:

This case is before this Court upon the appeal of Elizabeth Holly Brown, a.k.a. Holly Williams, from the August 23, 2002, order of the Circuit Court of Mercer County denying her motion to be reinstated to probation.

Appellant Brown's probation was revoked by the Circuit Court because she allegedly used cocaine, a controlled substance, during her release from confinement. As a result of the revocation, appellant Brown was sentenced to the penitentiary to serve the remainder of an indeterminate term of 1 to 5 years with regard to her underlying conviction of conspiracy.

This Court has before it the petition for appeal, all matters of record and the memoranda of law of counsel. For the reasons stated below, this Court concludes that the Circuit Court committed error in revoking appellant Brown's probation because the Circuit Court based its ruling entirely upon hearsay concerning whether Brown had, in fact, used cocaine. The State confesses error in that regard and joins with the appellant in this appeal. Accordingly, the August 23, 2002, order of the Circuit Court of Mercer County is reversed, and this case is remanded to that Court for further proceedings consistent with this opinion.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In February 2001, appellant Brown and another individual were indicted by a Mercer County grand jury for burglary and conspiracy. The indictment included an additional count charging Brown with grand larceny in connection with those offenses. Ultimately, Brown entered a plea of guilty to conspiracy, and the remaining charges against her were dismissed. She was sentenced by the Circuit Court of Mercer County to the penitentiary for an indeterminate term of 1 to 5 years. The Circuit Court, however, suspended the sentence and, pursuant to the West Virginia Youthful Offender Act, directed that appellant Brown be placed at the less restrictive Anthony Correctional Center. *W.Va.Code*, 25-4-6 (2001).

Soon after, appellant Brown filed a motion to reconsider her confinement at the Anthony Correctional Center. Brown alleged that she was needed at home to assist her father who was diagnosed with cancer. By order entered on December 28, 2001, the Circuit Court granted the motion and placed appellant Brown upon probation. One of the conditions of probation was that Brown would submit to random drug tests.

In March 2002, the Mercer County Probation Office filed a petition seeking to revoke appellant Brown's probation because a random drug test conducted on February 25, 2002, indicated that Brown had used cocaine. The level of cocaine detected was relatively low. In response, appellant Brown asserted that, over a period of weeks immediately prior to the test, she had undergone dental procedures, including surgery, and had been injected with an anesthetic which caused a false-positive result for cocaine in the random drug test. Brown's dental records, showing the use of an anesthetic, were made a part of the record before the Circuit Court.

A final probation revocation hearing was conducted by the Circuit Court on July 22, 2002. W.Va. R.Crim. P. 32.1. During the hearing, Probation Officer Greg Arnold testified that, in view of appellant Brown's assertion, he spoke with an unnamed laboratory technician who told him that further evaluation had confirmed the accuracy of the random drug test, the dental anesthetic notwithstanding. Appellant Brown's objection to Officer Arnold's testimony as hearsay was overruled. In so ruling, the Circuit Court noted that the West Virginia Rules of Evidence do not apply to probation revocation proceedings. W.Va. R. Evid. 1101(b)(3). At the conclusion of the hearing, the Circuit Court, relying entirely upon the testimony of Officer Arnold, revoked appellant Brown's probation. Specifically, the Circuit Court found that, based upon "further inquiry of the laboratory" by Officer Arnold, appellant Brown had used cocaine.

Pursuant to the August 23, 2002, order, the Circuit Court denied appellant Brown's motion to be reinstated to probation and sentenced her to the penitentiary to serve the remainder of the indeterminate term of 1 to 5 years upon the underlying conspiracy conviction. *See, W.Va.Code*, 62–12–10 (1955), concerning the reimposition of sentence upon the finding of a probation violation. A subsequent order of the Circuit Court, entered on October 1, 2002, released Brown on post-

conviction bond pending review by this Court. Appellant Brown's release was conditioned upon her participation in substance abuse counseling and treatment.

## II.

## DISCUSSION

■ This Court's standard of review with regard to probation revocation cases was set forth in syllabus point 1 of *State v. Duke,* 200 W.Va. 356, 489 S.E.2d 738 (1997), as follows:

> When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

*State v. Palmer,* 210 W.Va. 372, 376, 557 S.E.2d 779, 783 (2001).

■ In probation revocation cases, this Court has recognized: (1) that probationers are not entitled to the full panoply of rights enjoyed by defendants in a criminal trial, (2) that the State is required to prove the violation, in contested cases, by a clear preponderance of the evidence, rather than by the more stringent beyond a reasonable doubt standard, and (3) that the West Virginia Rules of Evidence do not apply to revocation proceedings. W.Va. R. Evid. 1101(b)(3); syl. pt. 1, *State v. Evans,* 203 W.Va. 446, 508 S.E.2d 606 (1998); *State ex rel. Jones v. Trent,* 200 W.Va. 538, 541, 490 S.E.2d 357, 360 (1997); syl. pt. 4, *Sigman v. Whyte,* 165 W.Va. 356, 268 S.E.2d 603 (1980). Nevertheless, before probation can be revoked, probationers must be afforded certain procedural protections. W.Va. R.Crim. P. 32.1. As held in syllabus point 12 of *Louk v. Haynes,* 159 W.Va. 482, 223 S.E.2d 780 (1976):

> The final revocation proceeding required by the due process clause of the Fourteenth Amendment and necessitated by *W.Va.Code,* 62–12–10, *as amended,* must accord an accused with the following requisite minimal procedural protections: (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of evidence against him; (3) opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a "neutral and detached" hearing officer; [and] (6) a written statement by the fact-finders as to the evidence relied upon and reasons for revocation of probation.

Syl. pt. 2, *State ex rel. Jones v. Trent, supra;* syl. pt. 3, *State v. Minor,* 176 W.Va. 92, 341 S.E.2d 838 (1986); *State ex rel. E.K.C. v. Daugherty,* 171 W.Va. 298, 299, 298 S.E.2d 834, 836 (1982).

In the evidentiary context, the fact that the West Virginia Rules of Evidence do not apply to probation revocation proceedings is somewhat mitigated by the following observation set forth in *State v. Evans, supra:* "We observe that the inapplicability of the rules of evidence to probation revocation proceedings does not mean that there are no constitutional limitations that may apply to evidence used in such proceedings." 203 W.Va. at 448 n. 2, 508 S.E.2d at 608 n. 2. In that regard, due process of law and the right of confrontation were among the authorities cited by this Court in *State v. Stuckey,* 174 W.Va. 236, 324 S.E.2d 379 (1984), a case in which this Court reversed the determination of the Circuit Court of Marion County that a youthful offender was unfit to remain at the Anthony Correctional Center and should be sentenced to the penitentiary. In *Stuckey,* this Court compared the Circuit Court's determination of unfitness to a violation of probation and concluded that, inasmuch as the majority of foreign jurisdictions hold that a probation revocation cannot be based upon hearsay alone, the Circuit Court committed error in relying solely on hearsay in its determination that the youthful offender had engaged in conduct warranting his expulsion from the Anthony Correctional Center.

Here, appellant Brown's probation was revoked because she allegedly used cocaine, as shown by a random drug test which detected

a relatively low level of that substance. Her defense to the allegation was that, over a period of weeks immediately prior to the test, she had undergone dental procedures, including surgery, and had been injected with an anesthetic which undermined the validity of the random drug test. Brown's dental records, showing the use of an anesthetic, were made a part of the record below.

Consequently, the decision of whether to revoke appellant Brown's probation was conditioned upon the resolution of an issue rather technical in nature. The State's response was the testimony of Probation Officer Greg Arnold who stated that he spoke with an unnamed laboratory technician who told him that further evaluation had confirmed the accuracy of the random drug test, i.e., that appellant Brown had used cocaine, the anesthetic notwithstanding. Appellant Brown's hearsay objection was overruled, and the Circuit Court revoked Brown's probation entirely upon the basis of Officer Arnold's testimony.

In joining with appellant Brown in this appeal, the State asserts:

The trial court failed to make a finding of "good cause" for admitting Mr. Arnold's testimony without according the appellant her due process right to confront and cross-examine the laboratory technician, whose statements provided much of the basis for the Court's finding that appellant had violated her probation, and served to refute her only defense to the charges.

This Court agrees with that assessment and is of the opinion that the Circuit Court committed error in relying entirely upon hearsay to resolve the most critical issue in the proceedings. Beyond stating that the West Virginia Rules of Evidence do not apply to probation revocation proceedings, the Circuit Court never set forth a specific reason for overruling appellant Brown's objection to Officer Arnold's testimony. The record does not indicate that the Circuit Court considered whether the unnamed laboratory technician was unavailable to be called as a witness. Nor does the record reveal why the Circuit Court did not observe appellant Brown's right of confrontation in that regard. *See,* syl. pt. 12, *Louk, supra.*

## III.

### CONCLUSION

Upon all of the above, this Court holds that the Circuit Court of Mercer County abused its discretion in revoking appellant Brown's probation. The August 23, 2002, order of the Circuit Court is, therefore, reversed, and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.