377 S.E.2d 461

**Phyllis A. MACE**

v.

**PIZZA HUT, INC., District Office, and the West Virginia Human Rights Commission.**

**No. 18257.**

Supreme Court of Appeals of West Virginia.

Nov. 28, 1988.

Rehearing Denied Feb. 22, 1989.

Phyllis A. Mace, Belpre, for appellant.

L. Anthony George, Jackson & Kelly, Charleston, for appellees.

## PER CURIAM:

This is an appeal from a final order of the West Virginia Human Rights Commission,[1] dated August 18, 1987, which dismissed a complaint filed by the appellant, Phyllis A. Mace, alleging that her former employer, Pizza Hut, Inc., had taken retaliatory action against her following her filing of an age discrimination complaint with the Commission. The appellant contends that the Commission erred in concluding that she had not made a *prima facie* showing of retaliatory conduct on the part of the employer. We find no error warranting reversal of the Commission's decision, and we affirm.

In January 1985, the appellant was hired as a secretary in the employer's district office in Parkersburg, Wood County. In February 1986, following a performance rating with which she disagreed, the appellant wrote to the regional manager, criticizing the functioning of the district office and requesting a larger raise and a promotion. The appellant's requests were denied, and she subsequently filed an age discrimination complaint with the Commission.

On or about February 24, 1986, the appellant allegedly injured her right ring finger on the job and was unable to do her normal work. She filed a workers' compensation claim and presented the employer with a doctor's excuse to miss work. In the course of the employer's investigation of the workers' compensation claim, however, the appellant's doctor indicated that

---

**1.** W.Va.Code § 5–11–11 (Cum.Supp.1988) provides for a direct appeal to this Court from final orders of the West Virginia Human Rights Commission.

the appellant could probably return to work, so long as certain tasks were avoided. The employer asked the appellant to return to work under those circumstances, but the appellant refused, contending that she was unable to work under any conditions. The employer requested, and the appellant obtained, another doctor's excuse stating that she should not return to work, as she was awaiting surgery.

Shortly thereafter, the employer asked the appellant to return her office keys so that she would not be involved in an investigation of unauthorized entries into the office. After the appellant returned the keys, at least one of them was used by a newly hired employee, but the evidence does not show that the new employee was improperly hired to replace the appellant. The employer repeatedly asked the appellant to return to work and offered her an interview for a job in the regional office.

On May 14, 1986, the appellant's age discrimination complaint was dismissed by the Commission upon a finding of "no probable cause." On June 4, 1986, the appellant filed a second complaint with the Commission alleging that the employer's actions in requiring her to provide an additional doctor's excuse and to return her office keys were discriminatory and in retaliation for the filing of the age discrimination complaint.[2] At about the same time, the employer closed the Parkersburg district office and eliminated the appellant's job. However, the appellant remained on sick leave through the end of September 1986, having briefly attempted to return to work on two occasions in the intervening months, and was placed on personal leave from October through December 1986, so that she might qualify for certain insurance benefits which became available in January 1987. The appellant was removed from the payroll in January 1987.

A full hearing, at which the appellant was competently represented by counsel, was conducted before a hearing examiner in May 1987. The hearing examiner found no evidence to indicate that the employer's district management was aware of the filing of the age discrimination complaint at the time of the allegedly retaliatory conduct or that such actions were taken in reprisal for the filing of the age discrimination complaint. The hearing examiner concluded that the appellant had failed to make a *prima facie* showing of retaliatory action by the employer and recommended dismissal of the complaint with prejudice. By order dated August 18, 1987, the Commission adopted the hearing examiner's findings and conclusions and dismissed the complaint.

The appellant contends that the Commission erred in ruling that she failed to establish a *prima facie* case of retaliatory conduct on the part of the employer. To establish a *prima facie* case of retaliation, the burden is on the complainant to prove, by a preponderance of the evidence, the following facts: (1) that the complainant engaged in a protected activity, e.g., opposing unlawful employment practices, (2) that the employer was aware of the protected activity, (3) that adverse action was subsequently taken against the complainant, and (4) that the adverse action was retaliatory in nature or, in the absence of such evidence, was sufficiently temporally related to the protected activity to allow an inference of retaliatory motive on the part of the employer. *See Frank's Shoe Store v. West Virginia Human Rights Commission,* 179 W.Va. 53, 59–60, 365 S.E.2d 251, 257–58 (1986).

■ The appellant contends that the Commission erred in finding no evidence that the employer's district management was aware of her initial age discrimination

---

**2.** The appellant also attempted to argue other charges of discrimination before the hearing examiner and continues to do so before this Court. These additional charges were not in her complaint, she made no formal attempt to amend that complaint below, and there was a real question as to whether the employer was on notice as to the nature of these additional

charges. *See* W.Va.C.S.R. § 77–2–3.6 (1985). The hearing examiner properly refused to take evidence on these issues. *See* Syl. Pt. 4, *McJunkin Corporation v. West Virginia Human Rights Commission,* 179 W.Va. 417, 369 S.E.2d 720 (1988). We refuse to consider such evidence now.

complaint. On appeal, the appellant submits documents tending to prove that the district office was served with the age discrimination complaint. It is not entirely clear from the record before this Court, however, whether the hearing examiner was aware of this evidence. We have generally adhered to the principle that judicial review of administrative decisions be "upon the record made before the agency." W.Va.Code § 29A–5–4(f) (1986 Replacement Vol.). *See St. Mary's Hospital v. State Health Planning and Development Agency*, 178 W.Va. 792, 364 S.E.2d 805, n. 14 (1987). It is, therefore, unclear whether the appellant adequately established her *prima facie* case in the proceedings below.

 Even if the appellant had been successful in establishing a *prima facie* case, however, the employer offered credible evidence of legitimate nondiscriminatory reasons for its actions to rebut the presumption of retaliatory action. It is uncontested that the employer had received conflicting opinions about the appellant's ability to return to work which required a clarification of her medical condition and offered legitimate business reasons for requesting the return of her office keys. As the appellant presented no evidence that the reasons proffered by the employer were merely pre-textual, the issue of the employer's intent was a matter for the Commission to decide. *See* Syl. Pt. 3, *Shepherdstown Volunteer Fire Department v. State ex rel. West Virginia Human Rights Commission*, 172 W.Va. 627, 309 S.E.2d 342 (1983). *See also Frank's Shoe Store, supra.*

The well-established rule is that "West Virginia Human Rights Commission's findings of fact should be sustained by reviewing courts if they are supported by substantial evidence or are unchallenged by the parties." Syl. Pt. 1, *West Virginia Human Rights Commission v. United Transportation Union, Local 655*, 167 W.Va. 282, 280 S.E.2d 653 (1981). Findings of the Commission relating to discriminatory intent should not be reversed unless clearly wrong on the whole record.

*State ex rel. Human Rights Commission v. Logan–Mingo Area Mental Health Agency, Inc.*, 174 W.Va. 711, 721, 329 S.E.2d 77, 86 (1985). In view of the evidence before this Court, we cannot say that the Commission was clearly wrong in determining that there was no showing of retaliatory action on the part of the employer.

We find no error warranting reversal of the Commission's dismissal of the appellant's case. Accordingly, the final order of the West Virginia Human Rights Commission is affirmed.

AFFIRMED.