599 S.E.2d 695

Peggy FREEMAN, Petitioner Below, Appellant,

v.

FAYETTE COUNTY BOARD OF EDUCATION, Defendant Below, Appellee.

No. 31641.

Supreme Court of Appeals of West Virginia.

Submitted: June 9, 2004.

Filed: June 28, 2004.

---

C. Jane Moran, Jane Moran Law Office, Williamson, for the Appellant.

Erwin L. Conrad, Conrad & Conrad, Fayetteville, for the Appellee.

PER CURIAM.

This is an appeal by Peggy Freeman (hereinafter "Appellant") from a decision of the Circuit Court of Fayette County affirming a decision of the West Virginia Education and State Employees Grievance Board (hereinafter "Grievance Board") denying the Appellant's grievance. The Appellant's grievance had been filed based upon an alleged retaliatory discharge from her position as Associate Superintendent of the Fayette County Board of Education (hereinafter "BOE"). Upon thorough review of the briefs, record, and arguments of counsel, we find that the lower court erred in denying the Appellant's grievance. We therefore reverse the decision of the lower court and remand this matter to the Grievance Board for entry of an order granting the Appellant's grievance, reinstating her to her former position should the Appellant choose to accept reinstatement,[1] and calculating an appropriate award of back pay and attorney fees.

## I. Factual and Procedural History

The Appellant has served as Associate Superintendent of the Fayette County Board of Education since July 1999.[2] On March 18, 2002, she filed a grievance based upon the failure of the Board to appoint her as the Interim Superintendent when the presiding Superintendent's contract expired. Three days later, on March 21, 2002, a Notice of Consideration of Transfer was provided to the Appellant by Interim Superintendent Charles Garvin. Such notice was withdrawn when the Appellant sought additional expla-

nation of the notice. On April 30, 2002, Mr. Manuel Domingues was selected as the Superintendent effective July 1, 2002. The Appellant's first grievance proceeded to a Level IV hearing before an administrative law judge on June 26, 2002. On June 27, 2002, the Appellant received a letter from Mr. Domingues, dated June 25, 2002, informing her that her contract would be terminated as of July 1, 2002.[3] On July 1, 2002, a second letter was written by Mr. Domingues to the Appellant informing her that he would recommend her removal as Associate Superintendent, subject to the BOE's approval. The July 1, 2002, letter also specified as follows: "Until your counsel's letter of June 28, 2002 (copies received today) I was unaware that you were involved in a grievance of any kind." Further, the letter informed the Appellant that the issue of her termination would be addressed during a July 15, 2002, BOE meeting. Neither the Appellant nor her counsel attended the July 15, 2002, BOE meeting.

The Appellant thereafter filed a second grievance, alleging that she had been discharged in retaliation for the filing of her first grievance and that the BOE had failed to provide her with the due process rights to which she was entitled. This retaliatory discharge grievance proceeded to a Level IV hearing on August 8, 2002.[4] The audio tapes of that hearing, however, failed to provide a clear record of that proceeding, and the Appellant agreed to permit the administrative law judge to proceed to decision based solely

---

1. The Appellant has apparently accepted a position as Assistant Superintendent of Special Education in McDowell County, effective July 18, 2002.

2. Prior to her employment as Associate Superintendent, the Appellant had been employed by the BOE for twenty-seven years. The March 2002 grievance was the first grievance she had filed during her tenure with the BOE.

3. Specifically, the letter dated June 25, 2002, provided as follows:

 Please be advised on July 1, 2002, I will assume the contract for the position of Superintendent of Schools for the Fayette County School System.

 Because of this change and subsequent applicable statutes I wish to advise you that as of midnight June 30, 2002 your contract as Asso-

ciate Superintendent of Curriculum and Instruction with the Fayette County School System ends.

. . . . .

 Should you find the need to discuss further please contact the Personnel Director.

4. The parties agreed to submit the records of the first grievance and requested that the administrative law judge take judicial notice of the prior testimony. Because those records pre-dated the appointment of Superintendent Domingues, they did not contain any testimony from him. The Appellant explains on appeal that she presented her own testimony and exhibits regarding her termination and argued that the decision to terminate was retaliatory. According to the Appellant's recollection, the BOE did not present any witnesses during that hearing.

upon the administrative law judge's recollection of the testimony.[5]

By order dated October 2, 2002, the administrative law judge concluded that the Appellant had established a prima facie case of retaliatory discharge. However, the administrative law judge further held that the BOE had defeated that prima facie case when "Mr. Domingues testified he had no knowledge of the other grievances . . . when he decided not to renew Grievant's contract." Although the Appellant did admit that she and Mr. Domingues had not personally discussed her former grievance, the Appellant contends that Mr. Domingues did not testify at the hearing in question.[6] The BOE did introduce the July 1, 2002, letter from Mr. Domingues indicating that he was not aware or the Appellant's prior grievance until that date.

The Appellant requested reconsideration of the administrative law judge's decision by letter dated October 4, 2002. As grounds for that request, she directed the administrative law judge's attention to the fact that although Mr. Domingues attended the August 8, 2002, hearing, neither he nor any other BOE witness testified. The administrative law judge did not respond to the Appellant's letter. The Circuit Court of Fayette County affirmed the decision of the administrative law judge.

On appeal to this Court, the Appellant claims that the administrative law judge erred in finding that the testimony of Mr. Domingues successfully rebutted her prima facie case of retaliatory discharge. The Appellant contends that the administrative law judge's decision was apparently based upon an erroneous recollection of the evidence presented at the Level IV hearing. The Appellant also asserts that because the BOE did not provide a legitimate basis for the termination, she was not granted an opportunity to cross-examine any such witness' testimony in an attempt to prove that the allegedly legitimate ground was pretextual.

## II. Standard of Review

In the syllabus of *Quinn v. West Virginia Northern Community College,* 197 W.Va. 313, 475 S.E.2d 405 (1996), this Court explained as follows: "A final order of the hearing examiner for the West Virginia Education and State Employees Grievance Board, made pursuant to *W.Va.Code,* 29-6A-1, *et seq.* [1988], and based upon findings of fact, should not be reversed unless clearly wrong." With regard to issues of statutory application or issues of law, however, a *de novo* standard of review applies. As this Court explained in syllabus point one of *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995), "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." *See also Ewing v. Board of Educ. of County of Summers,* 202 W.Va. 228, 503 S.E.2d 541 (1998); *University of West Virginia Board of Trustees ex rel. West Vir-*

---

**5.** The administrative law judge provided the parties with a choice between conducting another hearing or permitting the judge to use her own recollection of the hearing to prepare a decision. Seeking to avoid additional costs of another hearing, the Appellant agreed to permit the judge to construct the decision based upon her recollection of the hearing. We note that the provisions of Rule 80(e) of the West Virginia Rules of Civil Procedure, as follows, could have been utilized to create a record through which this Court could have more completely reviewed the proceedings below. Rule 80(e) provides as follows:

*Use of statement of evidence in lieu of transcript.*—In the event a stenographic or mechanical report of the proceedings had and testimony taken at a hearing or trial before the court was not made or in the event a reporter's stenographic or mechanical record thereof has become lost or a transcript thereof is not ob-

tainable, any party to the action may prepare a statement of the proceedings from the best available means, including the party's recollection, for use instead of a transcript thereof. The statement shall be served upon all other adverse parties within a reasonable time after the hearing or trial, and the adverse parties may serve objections or amendments thereto within 10 days after service of the statement upon them. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the court for settlement and approval and when and as settled and approved such statement becomes a part of the record when it is signed by the judge and filed with the court.

**6.** During oral argument before this Court, counsel for the BOE contended that he could not remember whether he presented witness testimony at the hearing in question.

*ginia University v. Fox*, 197 W.Va. 91, 475 S.E.2d 91 (1996). "Although we accord great deference to the findings of fact of the West Virginia Educational Employees Grievance Board, we review, *de novo*, questions of law." Syl. Pt. 2, *Maikotter v. Univ. of W.Va. Bd. of Trustees*, 206 W.Va. 691, 527 S.E.2d 802 (1999).

 Further, in syllabus point one of *Cahill v. Mercer County Board of Education*, 208 W.Va. 177, 539 S.E.2d 437 (2000), this Court observed as follows:

> Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo.

### III. Discussion

 The framework for analysis of a claim of retaliatory discharge has been clearly established and utilized by this Court on multiple occasions. In the syllabus of *Harless v. First National Bank*, 162 W.Va. 116, 246 S.E.2d 270 (1978), this Court stated as follows:

> The rule that an employer has an absolute right to discharge an at will employee must be tempered by the principle that where the employer's motivation for the discharge is to contravene some substantial public policy princip[le], then the employer may be liable to the employee for damages occasioned by this discharge.

In proving an allegation of retaliatory discharge, three phases of evidentiary investigation must be addressed. First, the employee claiming retaliation must establish a prima facie case. In syllabus point ten of *Hanlon v. Chambers*, 195 W.Va. 99, 464 S.E.2d 741 (1995), this Court explained:

> " 'In an action to redress an unlawful retaliatory discharge under the West Virginia Human Rights Act, *W.Va.Code*, 5–11–1, *et seq.*, as amended, the burden is upon the complainant to prove by a preponderance of the evidence (1) that the complainant engaged in protected activity, (2) that complainant's employer was aware of the protected activities, (3) that complainant was subsequently discharged and (absent other evidence tending to establish a retaliatory motivation), (4) that complainant's discharge followed his or her protected activities within such period of time that the court can infer retaliatory motivation.' Syl. pt. 4, *Frank's Shoe Store v. West Virginia Human Rights Commission*, 179 W.Va. 53, 365 S.E.2d 251 (1986)." Syl. pt. 1, *Brammer v. West Virginia Human Rights Commission*, 183 W.Va. 108, 394 S.E.2d 340 (1990).

 Once the employee has satisfied that burden of establishing a prima facie case of retaliatory discharge, as the administrative law judge found that the Appellant had done in the present case, the burden shifts to the employer to provide a legitimate, intervening reason for the dismissal. During that second phase of the retaliatory discharge claim, an employer seeks to rebut the presumption of retaliatory action by offering "credible evidence of legitimate nondiscriminatory reasons for its actions...." *Mace v. Pizza Hut, Inc.*, 180 W.Va. 469, 472, 377 S.E.2d 461, 464 (1988).

 If the employer articulates a legitimate, non-discriminatory reason for its action, the third phase returns the burden to the employee. The employee is provided an opportunity to address the employer's allegedly legitimate basis for the adverse action and to prove that the reasons offered by the employer were merely pretextual. As this Court stated in *West Virginia Department of Natural Resources v. Myers*, 191 W.Va. 72, 443 S.E.2d 229 (1994), "[s]hould the employer succeed in rebutting the presumption, the employee then has the opportunity to prove by a preponderance of the evidence that the reasons offered by the employer for discharge were merely a pretext for unlawful discrimination." *Id.* at 76, 443 S.E.2d at 233.

The three phases were succinctly summarized by this Court in *Frank's Shoe Store v. West Virginia Human Rights Commission*, 179 W.Va. 53, 365 S.E.2d 251 (1986), as follows:

> If the complainant is successful in creating this rebuttable presumption of discrimination, the respondent may offer some legitimate, nondiscriminatory reason for the rejection. If the respondent then should succeed in rebutting the presumption of discrimination, the complainant may prove by a preponderance of the evidence that the reasons offered by the respondent were merely a pretext for discrimination.

179 W.Va. at 60, 365 S.E.2d at 258.

In *Ruby v. Insurance Commission of West Virginia*, 197 W.Va. 27, 475 S.E.2d 27 (1996), this Court explained that once the employee, Ms. Ruby, established a prima facie case, the burden shifted "to the Insurance Commission to show that it had a legitimate, non-retaliatory reason for dismissing Ms. Ruby." 197 W.Va. at 34, 475 S.E.2d at 34. Subsequent to the employer's presentation of a legitimate basis for the discharge, "[t]he burden then shifted back to Ms. Ruby 'to prove by a preponderance of the evidence that the reasons offered by the respondent were merely a pretext for the unlawful' retaliatory discharge." *Id.* at 35, 475 S.E.2d at 35, quoting syl. pt. 3, in part, *Shepherdstown Volunteer Fire Dept. v. State ex rel. State Human Rights Comm'n*, 172 W.Va. 627, 309 S.E.2d 342 (1983).

As stated above, this Court has consistently reviewed grievance board decisions by according deference to the findings of fact made below. However, we "review *de novo* the conclusions of law and application of law to the facts." *Martin v. Randolph County Bd. of Educ.*, 195 W.Va. 297, 304, 465 S.E.2d 399, 406.[7] The Appellant's establishment of a prima facie case of retaliatory discharge, as found by the administrative law judge, imposed a clear burden upon the BOE to produce competent evidence rebutting such presumption. In *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), the United States Supreme Court explained as follows:

> If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. Placing this burden of production on the defendant thus serves simultaneously to meet the plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext. The sufficiency of the defendant's evidence should be evaluated by the extent to which it fulfills these functions.

*Id.* at 255–56, 101 S.Ct. 1089 (footnote omitted). The employee thereafter has "the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision." *Id.* at 256, 101 S.Ct. 1089; *see also United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 714, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

On appeal in the case sub judice, the Appellant maintains that the administrative law judge erred in finding that the BOE successfully rebutted the Appellant's prima facie showing that her discharge was in retaliation for the filing of her prior grievance. The administrative law judge found that although the Appellant established a prima facie case of retaliatory discharge, the BOE rebutted the Appellant's contention that her discharge was retaliatory by advancing legitimate, nonretaliatory reasons for her dismissal and by asserting that Mr. Domingues did not have knowledge of the filing of her prior grievance and consequently could not have fired her in retaliation for such filing.

---

**7.** *See also* Syl. Pt. 1, *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 470 S.E.2d 162 (1996) (holding that "[g]enerally, findings of fact are reviewed for clear error and conclusions of law are reviewed *de novo*. However, ostensible findings of fact, which entail the application of law or constitute legal judgments which transcend ordinary factual determinations, must be reviewed *de novo*. The sufficiency of the information presented at trial to support a finding that a constitutional predicate has been satisfied presents a question of law").

In the findings of fact and conclusions of law submitted by the administrative law judge, a finding regarding the first prong of the retaliatory discharge triad is explicitly made; the Appellant was determined to have established a prima facie case of retaliatory discharge. The administrative law judge also included a specific finding regarding the second prong; the employer was found to have presented a legitimate basis for the adverse employment decision. However, the third prong of the triad is absent. The administrative law judge did not include a finding regarding the third prong of a retaliatory discharge action, specifically whether the Appellant, upon the presentation of that legitimate, non-retaliatory motive by the employer, demonstrated that the reasons offered for her discharge were merely a pretext for a retaliatory motive.

In addition to the absence of a ruling regarding the third prong of a retaliatory discharge action, we must address the Appellant's contention that the BOE could not have successfully rebutted the prima facie case since the BOE allegedly failed to present any evidence at the hearing. Counsel for the BOE was questioned concerning that assertion during oral argument before this Court on June 9, 2004, and he asserted that he was unable to recall whether he presented witnesses at the hearing in question to rebut the Appellant's prima facie case of retaliation. The record does contain the July 1, 2002, letter in which Mr. Domingues claims that he was unaware of the first grievance filed by the Appellant until that date.

■ Based upon our review of the record and the history of this litigation, we find Mr. Domingues' assertion that he did not have

any knowledge concerning the filing of the Appellant's prior grievance to be inherently incredible and insufficient to rebut the Appellant's prima facie case of retaliation. The evidence indicated that Mr. Domingues, began to be intimately involved in the workings of the BOE prior to assuming the actual job responsibilities of that office on July 1, 2002. While he and the Appellant, by the Appellant's own admission, did not have personal conversation regarding the filing of her prior grievance, it is nearly inconceivable that Mr. Domingues did not have any knowledge of the filing of a grievance by the most senior administrator in the BOE asserting that she should have been appointed as the Interim Superintendent during the selection process for the Superintendent, a position to which Mr. Domingues was thereafter appointed.

In our review of the administrative law judge's decision, as well as the documentary evidence upon which the judge relied,[8] we find that the administrative law judge erred in concluding that the evidence submitted by the BOE was sufficient to overcome the Appellant's prima facie case of retaliatory discharge. The glaring absence of any finding regarding the third prong of a retaliatory discharge action which should have provided the Appellant with an opportunity to respond to the employer's allegations of a legitimate discharge also supports our conclusion. Even if we were to assume that the employer's assertion of a legitimate basis for the termination had successfully rebutted the Appellant's prima facie case, the absence of a finding or conclusion regarding the third prong of a retaliatory discharge action would be cause for reversal.

---

8. The decision of the administrative law judge indicates as follows:

Mr. Domingues testified he had no knowledge of the other grievances when he was hired as Superintendent, and when he decided not to renew Grievant's contract. Obviously, the Board was aware of the previous grievances when it approved his recommendation, but the fact remains that at the time he made his initial decision, Mr. Domingues did not know of the grievances. Therefore, that cannot have been the basis of his decision not to renew Grievant's contract. The Board has demonstrated a legitimate, nonretaliatory reason for Grievant's non-renewal, which is that a

new Superintendent was hired who wanted someone whose philosophy was closer to his. The administrative law judge further concluded as follows:

The Board demonstrated a legitimate, nonretaliatory reason for the termination of Grievant's contract of employment, in that she served at the will and pleasure of the superintendent, and had no entitlement to the continuation of her contract past the expiration of the incumbent superintendent's term of employment, in this case, June 30, 2002, and there was no evidence Superintendent Domingues was aware of her previous grievances when he made his decision not to renew her contract.

The BOE asserts that the Appellant invited error by agreeing to allow the administrative law judge to utilize her own recollection of the proceedings. The BOE alleges that the Appellant "seeks to be entitled to invite error and then claim error." We find such argument disingenuous and utterly without merit. The error of which the Appellant complains is not the fact that the judge utilized her recollection to reach a decision; the alleged error is that such decision was wrong. The Appellant did not waive her right to petition for an appeal by consenting to the issuance of a decision based on the administrative law judge's recollection. The right to petition for an appeal still exists, regardless of the basis for the judge's decision.

Based upon the foregoing, we reverse the October 2, 2002, order of the administrative law judge for the Grievance Board and the April 22, 2003, circuit court order affirming that decision. We remand this matter to the Grievance Board for entry of an order granting the Appellant's grievance, reinstating her to her former position should the Appellant choose to accept reinstatement, and calculating an appropriate award of back pay and attorney fees.

Reversed and Remanded With Directions.