**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Lisa Marie Kerr,**
**Petitioner Below, Petitioner**

**vs.)   No. 22-0253** (Kanawha County 21-AA-37)

**West Virginia Department of Health and**
**Human Resources,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Lisa Marie Kerr appeals the order of the Circuit Court of Kanawha County, entered on March 4, 2022, affirming the June 3, 2021, order of the West Virginia Public Employees Grievance Board ("Grievance Board" or "Board") denying her consolidated grievance challenging (1) a directive that she leave the Lincoln County office of Respondent West Virginia Department of Health and Human Resources ("DHHR") on March 26, 2019, and take annual leave for the day; and (2) a ten-day suspension from the DHHR without pay.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioner is employed by the DHHR. She works as a Social Worker II, a classified position, in Adult Protective Services ("APS") in Lincoln County. On March 26, 2019, petitioner received the directive that she take annual leave for the day due to her failure to de-escalate after her argument with two coworkers over who had signed out a DHHR vehicle. During the argument and a subsequent meeting at which supervisors attempted to reduce petitioner's agitation, she was shaking and clenching her fists. Petitioner also had a red face. Petitioner was directed to go home because the supervisors believed petitioner's body language signaled that she could escalate to a physical confrontation with either themselves or other coworkers.

In the first grievance petitioner filed, she challenged the directive that she go home on March 26, 2019, and asked for the one day of annual leave to be restored to her. At level one,[2] a grievance evaluator denied petitioner's initial grievance, finding that, because petitioner was

---

[1] Petitioner is self-represented. The DHHR appears by counsel Attorney General Patrick Morrisey and Deputy Attorney General Steven R. Compton.

[2] The grievance process consists of three levels. *See* W. Va. Code § 6C-2-4.

allowed to use annual leave when she was sent home, the DHHR did not subject petitioner to disciplinary action and did not engage in discrimination or any other inappropriate action with regard to her. Thereafter, the initial grievance was consolidated with petitioner's grievance about the ten-day suspension without pay.[3]

By letter dated August 29, 2019, the DHHR suspended petitioner without pay for ten days due to (1) complaints about petitioner's behavior the DHHR received from her coworkers and various outside agencies that work with the DHHR; (2) the March 26, 2019, argument petitioner had with two of her coworkers resulting in the DHHR's directive for her to take annual leave for the day; and (3) a May 29, 2019, incident during an active shooter training provided by a West Virginia State Police trooper at the Lincoln County office. Petitioner challenged the trooper on certain information he gave attendees and told him he was wrong. Although she calmed momentarily, she stood back up and informed the trooper that he was giving the attendees inaccurate information and that she was not going to stay for the training. When petitioner left the training, she exhibited a red face and had her fists balled up. Petitioner was also shaking. At the same time, the trooper was upset that petitioner disrupted the training. In suspending petitioner for ten days, the DHHR found that she violated DHHR policy 2106 by disrupting normal agency operations for the three reasons it gave in its letter to petitioner.[4]

In 2020 and 2021, the Grievance Board held a four-day level three hearing regarding the consolidated grievance. The Grievance Board found that the DHHR met its burden of showing that petitioner disrupted normal agency operations. The Grievance Board rejected petitioner's claims that the DHHR's reasons for suspending her were pretexts for retaliation against her due to her sexual orientation. Finally, the Grievance Board found that petitioner did not prove that the ten-day suspension was disproportionate to her misconduct. Petitioner filed an appeal of the Grievance Board's June 3, 2021, order denying her grievance in the Circuit Court of Kanawha County.[5] The circuit court, by order entered on March 4, 2022, affirmed the denial of the August 30, 2019, grievance. In affirming the Grievance Board, the circuit court adopted the Board's findings "as if set forth fully herein," and also made its own findings.

Petitioner appeals the circuit court's March 4, 2022, order affirming the Grievance Board's

---

[3] Petitioner filed her grievance challenging the ten-day suspension without pay directly at level three pursuant to West Virginia Code § 6C-2-4(a)(4), which provides, in pertinent part, that "[a]n employee may proceed directly to level three . . . when the grievant has been . . . suspended without pay[.]"

[4] The DHHR also suspended petitioner for violating DHHR policy 2123 by creating a hostile work environment. However, in its June 3, 2021, order, the Grievance Board found that the DHHR failed to establish that petitioner created a hostile work environment.

[5] West Virginia Code § 6C-2-5(c) provides that any appeals from orders of the Grievance Board shall be filed in the Circuit Court of Kanawha County.

denial of her grievance. "When reviewing the appeal of a public employee['s] grievance, this Court reviews decisions of the circuit court under the same standard as that by which the circuit court reviews the decision of the [Grievance Board]." Syl. Pt. 1, *Martin v. Barbour Cnty. Bd. of Educ.*, 228 W. Va. 238, 719 S.E.2d 406 (2011). West Virginia Code § 6C-2-5(b) provides that the Grievance Board's decision is reviewed on grounds that it is (1) contrary to law or a lawfully adopted rule or written policy; (2) beyond statutory authority; (3) contaminated by fraud or deceit; (4) clearly wrong based upon a review of the record; or (5) arbitrary, capricious, or an abuse of discretion. We have held:

> "Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo." Syl. pt. 1, *Cahill v. Mercer County Board of Education*, 208 W.Va. 177, 539 S.E.2d 437 (2000).

Syl. Pt. 2, *W. Va. Dept. of Transp., Div. of Highways v. Litten*, 231 W. Va. 217, 744 S.E.2d 327 (2013).

On appeal,[6] petitioner initially argues that the circuit court erred in finding that her testimony before the Grievance Board lacked credibility. Although the Grievance Board denied petitioner's grievance, it made no finding that her testimony was not credible. In fact, the Grievance Board relied on petitioner's testimony to find that she suffers a red face, visible shaking, and clenched fists as symptoms of a secondary trauma condition that may be triggered in stressful situations. However, in addition to adopting the Grievance Board's findings, the circuit court made its own findings in affirming the denial of petitioner's grievance, including that she was not credible. Assuming, arguendo, that the circuit court erred in finding that petitioner's testimony lacked credibility, "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965). Therefore, we find that the circuit court's finding that petitioner was not credible, even if erroneous, did not constitute reversible

---

[6] To the extent that petitioner raises issues that are not (1) included within her assignments of error and/or (2) supported by specific citations to the record showing that the issues were raised before the lower tribunals, we decline to review any such issues pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides, in pertinent part, that the petitioner's argument must clearly set forth "the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error" and that "the Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal."

3

error given that the circuit court's adoption of the Grievance Board's findings provides an alternate ground for affirmation.

Next, petitioner argues that the circuit court erred in placing the burden of proof on her to show that the suspension without pay was not justified. In its findings, the Grievance Board properly placed the burden of proof to justify the suspension on the DHHR. *See Litten*, 231 W. Va. at 222, 744 S.E.2d at 332 ("[I]n disciplinary matters, . . . the burden is on the employer to prove that the action taken was justified.") (quoting W. Va. Code R. § 156-1-3.1). With regard to petitioner's secondary trauma condition, the Grievance Board found that she previously neglected to share "this diagnosis with any agent of [the DHHR]" or "explain this difficulty when confronted with her behavior so that it could have been taken into consideration." However, this was not inappropriate burden-shifting as the Grievance Board determined that the DHHR proved that petitioner disrupted normal agency operations, violating DHHR policy 2106, by a preponderance of the evidence. *See Litten*, 231 W. Va. at 222, 744 S.E.2d at 332 ("The applicable standard of proof in a grievance proceeding is preponderance of the evidence.") (quoting *Watkins v. McDowell Cnty. Bd. of Educ.*, 229 W. Va. 500, 511, 729 S.E.2d 822, 833 (2012)). Specifically, the Grievance Board found that the DHHR "proved that several complaints had been lodged by hospital social workers and courthouse staff regarding [petitioner]'s rude and threatening behavior" and that petitioner's direct supervisor achieved the goals petitioner attempted to achieve "with the same hospital staff by taking a more calm and reasoned approach." Therefore, based upon our review of the record, we find no cause to disturb the Grievance Board's finding that the DHHR satisfied its burden of proving petitioner's suspension was justified.

Petitioner further argues that the circuit court failed to conduct a complete analysis under the burden-shifting framework for retaliation claims. However, the full analysis is set forth in the Grievance Board's findings. The burden-shifting framework consists of three phases: First, the grievant has the burden to establish a prima facie case that the employer retaliated against her. *Freeman v. Fayette Cnty. Bd. of Educ.*, 215 W. Va. 272, 277, 599 S.E.2d 695, 700 (2004). If the grievant makes that showing, the employer may rebut the grievant's prima facie case by offering credible evidence of a legitimate nondiscriminatory reason for the disciplinary action. *Id.* If the employer makes this showing, the third phase returns the burden to the grievant, who may prove that the reason offered by the employer was merely a pretext. *Id.* The Grievance Board took petitioner's prima facie case as a given, finding that West Virginia Code § 6C-2-2(o) defines "reprisal" as "the retaliation of an employer toward a grievant . . . in the grievance procedure either for an alleged injury itself or any lawful attempt to redress it." Nevertheless, the Grievance Board found that the DHHR "proved by a preponderance of the evidence that there existed valid reasons for the disciplinary action" and further determined that petitioner "did not prove that those reasons are mere pretext for discrimination or retaliation." Accordingly, based upon our review of the Grievance Board's order, we find that it properly shifted the burden of proof between the parties as it progressed through the required legal analysis in determining that petitioner's claim—that the DHHR's reasons for suspending her were pretextual—was without merit. Therefore, we find no cause to disturb the Grievance Board's rejection of this claim.

Finally, petitioner argues that the ten-day suspension without pay was disproportionate to her misconduct. In making this argument, we find that petitioner does not challenge the Grievance

4

Board's determination that such a claim constituted an affirmative defense that petitioner had the burden of establishing. *See* W. Va. Code R. § 156-1-3.1. However, petitioner makes the legal argument that her ten-day suspension without pay violated DHHR policy 2104, which provides for progressive discipline comprised of verbal warnings, written warnings, suspensions, demotions, and dismissals from employment. The DHHR counters that, notwithstanding the stated preference for progressive discipline, policy 2104 makes clear that the severity and circumstances of the violation determine the level of discipline employed. We agree with the DHHR. DHHR policy 2104 provides, in pertinent part, that the DHHR may issue a suspension "where minor infractions/deficiencies continue beyond the written warning *or when a more serious singular incident occurs*." (Emphasis added.) As explained in policy 2104's general policy statement, "due to the sensitive and essential nature of services the [DHHR] must provide the public, and the standards of service required in many program areas, there may be instances where more severe levels of discipline are initially imposed for some infractions." Thus, we reject petitioner's argument that DHHR policy 2104 was misinterpreted. Rather, we concur with the Grievance Board's finding that petitioner failed to establish that her ten-day suspension without pay was disproportionate. The March 26, 2019, incident, and the May 29, 2019, incident, were each sufficiently serious to allow the DHHR to forego progressive discipline in petitioner's case. Therefore, we conclude that the circuit court properly affirmed the Grievance Board's denial of petitioner's grievance.

For the foregoing reasons, we affirm the circuit court's March 4, 2022, order upholding the Grievance Board's June 3, 2021, order denying petitioner's consolidated grievance.

Affirmed.

**ISSUED**: September 15, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn